UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:12-cr-0018-RLY-MPB-1 |
| | ) | |
| RALPH B. TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Richard L. Young, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 6, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 20, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 20, 2016, defendant Ralph B. Turner appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Turner of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Turner questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Turner and his counsel, who informed the court they had reviewed the Petition and that Mr. Turner understood the violations alleged. Mr. Turner waived further reading of the Petition.

3. The court advised Mr. Turner of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Turner was advised of the rights he would have at a preliminary hearing. Mr. Turner stated that he wished to waive his right to a preliminary hearing.

4. Mr. Turner stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Turner executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Turner of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Turner, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |

As previously reported to the Court, on April 6, 2016, Mr. Turner submitted a urine sample at Volunteers of America (VOA), which was collected under the Bureau of Prisons (BOP) program and tested by the Redwood Toxicology Laboratory, which was positive for synthetic cannabinoids. On July 11, 2016, also tested under the BOP program and previously reported to the Court, he submitted a urine sample which was positive for cocaine.

On October 20, 2016, and November 23, 2016, additional urine samples were collected under this program. The October sample was positive for marijuana and the November sample was positive for synthetic cannabinoids. With the exception of the April 2016 urine sample, Mr. Turner has denied he has knowingly and intentionally used illicit substances.

| | |
|---|---|
| 3 | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer."** |

The offender has been referred to the Indianapolis Counseling Center (ICC) for psychosexual counseling. He has missed counseling sessions on April 21, May 3, July 21, and October 3, 2016.

| | |
|---|---|
| 4 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants including alcohol, while on supervised release. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."** |

Mr. Turner missed two appointments prior to attending his initial substance abuse treatment session at VOA. Upon attending his initial session on June 21, 2016, he was subsequently a "no call/no show" for individual counseling sessions on August 3, and October 25, 2016.

| | | |
|---|---|---|
| **5** | | **"The defendant shall participate in a program of mental health treatment as directed by the probation officer."** |

The offender missed mental health counseling sessions at the Midtown Community Health Center (Brief Solutions Team) on April 20, May 24, and October 24, 2016.

| | | |
|---|---|---|
| **6** | | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |

On October 20, 2016, an Incident Report was filed against Mr. Turner at VOA alleging he was found in a shower stall with another male resident and was smoking a "rolled illegal tobacco product." On October 21, 2016, another Incident Report was filed against him alleging he was found in the bathroom/shower area at VOA and was in possession of "rolling papers and half smoked rolled tobacco product." Subsequently, on November 23, 2016, an Incident Report was filed against Mr. Turner alleging he was again located by VOA staff in the shower stall of the bathroom with another resident. The staff member reported smelling "burning controlled substance of K2" in the area where Mr. Turner was located. As a result of his noncompliance, "continuous drug use," and multiple positive urinalysis results, on December 5, 2016, the probation officer was notified by a VOA case manager Mr. Turner was being terminated from the residential program at VOA.

7. The Court placed Mr. Turner under oath and directly inquired of Mr. Turner whether he admitted violations 1, 2, 3, 4, 5, and 6 of his supervised release set forth above. Mr. Turner admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Turner's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Turner's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

4

9. The parties argued for a term of imprisonment, but jointly recommended any sentence imposed to include drug and mental health treatment. Defendant requested to be placed at Henderson County Detention Center pending designation.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, RALPH B. TURNER, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-two (22) months with eighty-four (84) months of supervised release to follow. The Court further recommends: (a) that Mr. Turner be confined at the Henderson County, Kentucky Detention facility until his assignment by the Bureau of Prisons; (b) that he receive immediate attention to his medication needs; (c) that he be assigned as promptly as possible so that his mental health issues can be addressed; and (d) that he be assigned by the Bureau of Prisons to a facility best equipped to address his mental health, substance abuse, and sex offender issues. In addition to the mandatory conditions of supervision, the Court imposes the following conditions:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    **Justification: these conditions are recommended to assist the probation officer in supervising the offender and to ensure the safety of the community. Due to Mr. Turner's criminal history, which includes sexual offenses, the aforementioned conditions are prudent.**

14. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

15. You shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

17. You shall not participate in unsupervised meetings, non-incidental communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in mental health treatment or religious services with felons in such programs so long as the activity has been disclosed as described above.

18. You are prohibited from entering any place primarily frequented by children under the age of 18, including parks, schools, playgrounds, and childcare facilities.

19. You shall not remain at a place for the primary purpose of observing or contacting children under the age of 18.

20. You shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

23. You shall pay the costs associated with the following imposed conditions of supervised release to the extent you are financially able to pay: psychosexual treatment, computer monitoring program, mental health treatment, and substance abuse treatment and urinalysis testing. The probation officer shall determine your ability to pay and any schedule of payment.

    **Justification: these conditions are recommended given Mr. Turner's prior conviction for Rape, which involved a 12-year-old-victim, as well as his conviction for Sexual Abuse, which involved a 6-year-old victim. The conditions will help the probation officer to monitor the offender in the community, would be beneficial in his recovery, aid in his relapse prevention, and would help to hold him accountable.**

24. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

25. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

26. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

27. You shall not use or possess alcohol.

28. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

    **Justification: given Mr. Turner's extensive history of substance abuse, including his use of illicit substances while under supervised release supervision, the aforementioned conditions are crucial in helping to hold him accountable, assisting him in his rehabilitation, and providing him with necessary substance abuse treatment in the community.**

29. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician.

    **Justification: given Mr. Turner's health diagnoses which include Major Depressive Disorder, recurrent; Post Traumatic Stress Disorder; and Antisocial Personality**

**Disorder, as well as him being prescribed psychotropic mediations, he would benefit from mental health treatment and medication management while under the supervision of the probation officer.**

While incarcerated, defendant is to participate in drug and mental health treatment programs. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

      Counsel for the parties and Mr. Turner stipulated in open court waiver of the following:

      1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

      2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

      Counsel for the parties and Mr. Turner entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

      WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Turner's supervised release, imposing a sentence of imprisonment of twenty-two (22) months with eighty-four (84) month of supervised release to follow. While incarcerated, defendant is to participate in drug and mental health treatment programs. The

defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court further recommends: (a) that Mr. Turner be confined at the Henderson County, Kentucky Detention facility until his assignment by the Bureau of Prisons; (b) that he receive immediate attention to his medication needs; (c) that he be assigned as promptly as possible so that his mental health issues can be addressed; and (d) that he be assigned by the Bureau of Prisons to a facility best equipped to address his mental health, substance abuse, and sex offender issues.

IT IS SO RECOMMENDED.

Date: _12/30/16_____

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal